UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN L. MACLEOD,

  Petitioner,

Case No. 2:19-cv-12153

Paul D. Borman
United States District Judge

v.

MELINDA K. BRAMAN,

     Respondent,
_____/

<u>OPINION AND ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 15) AND GRANTING THE MOTION FOR AN EXTENSION OF TIME (ECF No. 16) TO FILE A REPLY BRIEF TO THE RESPONDENT'S ANSWER</u>

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is petitioner's motion for the appointment of counsel to respond to respondent's answer and a motion for an extension of time to file a reply brief. For the reasons stated below, the motion for appointment of counsel is **DENIED WITHOUT PREJUDICE.** The Court will **GRANT** Petitioner an additional **sixty (60) days** from the date of this order to file a traverse or reply to respondent's answer with this Court.

The motion for the appointment of counsel is denied. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas

1

petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.* Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Id.* at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

    Petitioner filed a forty one page petition for writ of habeas corpus, in which he raises twenty eight claims for relief. Petitioner has also attached to his petition a one hundred and eighty nine page memorandum of law, in which he cites to numerous federal and state cases and statutes. Petitioner has also attached several

hundred pages of exhibits to his petition. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court denies the motion for appointment of counsel without prejudice. (ECF No. 15.) The Court will reconsider petitioner's motion if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

The Court will, however, give petitioner an additional sixty days from the date of this order to file a traverse or reply brief to the respondent's answer. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* No. 04-73293; 2005 WL 1838443, at *4 (E.D. Mich. Aug. 1, 2005).

**IT IS HEREBY ORDERED** that the motion for appointment of counsel (**ECF No. 15**) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion for enlargement of time (**ECF No. 16**) is **GRANTED.** Petitioner shall have **sixty (60) days** from the date of this order to file a traverse or reply brief.

**SO ORDERED**

Dated:  May 4, 2020                                                          s/Paul D. Borman
                                                                                             Paul D. Borman
                                                                                             United States District Judge