UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN L. MACLEOD,

  Petitioner,

v.

MELINDA K. BRAMAN,

    Respondent,
_____/

Case No. 2:19-cv-12153

Paul D. Borman
United States District Judge

## OPINION AND ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 10) AND DENYING AS MOOT THE MOTION TO EXPEDITE THE RESPONDENT'S RESPONSE (ECF No. 11)

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court are petitioner's motion for the appointment of counsel (ECF No. 10) and a motion to expedite respondent's answer (ECF No. 11). For the reasons stated below, the motions are **DENIED**.

On May 4, 2020, this Court denied petitioner's second motion for the appointment of counsel. (ECF No. 18). The current motion for the appointment of counsel is denied for the same reasons. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an

1

extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.* Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

This Court already indicated in its opinion and order denying petitioner's other motion for the appointment of counsel that petitioner has the ability and means to present his claims. (ECF No. 18.) The current motion is therefore denied.

Petitioner also filed a motion to expedite respondent's answer. (ECF No. 11.) Respondent, however, filed an answer to the petition on January 28, 2020. (ECF No. 13). Thus, Petitioner's motion to expedite the deadline for filing a response is denied

2

as moot. *See Cucu v. Terris*, No. 17-13646, 2018 WL 1203495, at *5 (E.D. Mich. Mar. 8, 2018) (denying as moot habeas petitioner's motion to expedite "to the extent Petitioner sought to reduce the deadline for Respondent's answer to the habeas petition.").

**IT IS HEREBY ORDERED** that the motion for appointment of counsel (**ECF No. 10**) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion to expedite respondent's response (**ECF No. 11**) is **DENIED AS MOOT.**

**SO ORDERED**


Dated: May 11, 2020                                s/Paul D. Borman
                                                   Paul D. Borman
                                                   United States District Judge